## DORFMAN v. ABCUG et al.

### No. 4273.

District Court, E. D. New York.
Nov. 16, 1929.

Isador Goetz, of New York City, for plaintiff.

Samuel L. Miller, of New York City, for defendants.

CAMPBELL, District Judge.

This is a motion on an order to show cause why an order should not be made and granted herein adjudging Jacob Abcug and Rebecca Abcug in contempt of court for failing to obey a decree of this court made by Hon. Thomas W. Slick, in the above-entitled action, on the 9th day of September, 1929.

The decree, so far as is necessary for consideration on this motion, provides as follows:

"Ordered, decreed and adjudged that Rebecca Abcug and Jacob Abcug be and they hereby are directed to execute to the plaintiff as trustee in bankruptcy of the said Jacob Abcug forthwith an absolute conveyance of said premises, No. 1105 Clarkson Avenue, Brooklyn Borough, New York City, so as to vest in the plaintiff all the right, title and interest, legal and equitable to the said premises which was in the defendants Jacob Abcug and Rebecca Abcug, or either of them, on the 7th day of December 1928, and to execute and deliver to the plaintiff as trustee in bankruptcy of said Jacob Abcug forthwith a proper deed of said premises so as to effectuate this decree, and it is further

"Ordered, decreed and adjudged that the defendants Rebecca Abcug and Jacob Abcug be and they hereby are required to account forthwith to the plaintiff herein as trustee in bankruptcy, for all the rents, profits, issue and income of the premises No. 1105 Clarkson Avenue, Brooklyn Borough, New York City, from the 7th day of December 1928, to the date of the execution and delivery of the aforesaid deed hereinabove directed to be delivered to the plaintiff and to pay over to the plaintiff as trustee in bankruptcy, all the income and profits and issue of the said premises, from the 7th day of December 1928, to the date of said conveyance to the plaintiff as trustee in bankruptcy, and that the said Rebecca Abcug be and she hereby is directed to pay over to the plaintiff as trustee in bankruptcy, any sum in her possession, on the 7th day of December 1928, representing income or issue of said premises."

The defendants, Jacob Abcug and Rebecca Abcug, have filed answering affidavits on this motion in which they admit that they have not executed the deed they were required by said decree to execute, and it further appears that no accounting has been made.

In so far as the requirement to execute the deed is concerned, the defendants have offered no legal reason for their failure to comply with that part of the decree.

There is a suggestion on the part of the plaintiff that the deed should be a warranty deed, but there is no such requirement in the decree.

It now appears that the defendant Rebecca Abcug has, since the making of the alleged deed to her, attempted to give a mortgage covering said premises and make a conveyance of a portion of said premises, but the rights, if any, of the mortgagee or grantee have not been litigated in this action, and the decree in this action does not require the said Rebecca Abcug to discharge said mortgage or procure a reconveyance to her of the portion which she attempted to convey before she and the other defendant make the deed required herein.

What is required is that the said defendants shall make a deed which in terms conveys to the plaintiff all the right, title, and interest, legal and equitable, to the said premises which was in the defendants or either of them on the 7th day of December, 1928.

This must be so, because in this jurisdiction it would have been sufficient to have decreed the deed which it was sought to set aside as null and void, without requiring any reconveyance.

The effect of the alleged mortgage and conveyance of a portion of the said premises must be tested in actions brought for that purpose, to which the alleged mortgagee and grantee are parties.

The provision of the decree with reference to accounting is the general provision which requires an accounting, but no master to take and state the account is appointed, and it seems to me that the motion to punish for failure to account is premature. What should be done is to apply to the court, at the foot of the decree, for the appointment of a master who could order the filing of an account by a day certain, and, on failure to comply with that order, the question of contempt could be considered.

The defendants are guilty of a civil contempt of this court in failing to obey the

decree of this court in so far as it requires them to make a deed of the premises as I have defined the same, and an order may be entered finding them in contempt and ordering their confinement in the civil jail of Kings county until they purge themselves of their contempt by executing and delivering such deed, or are discharged by order of this court, and the term of the court at which such order is made be extended one year from the date of such order.

· So much of the motion as relates to the failure of the defendants to account is denied as premature but without prejudice. Settle order on notice.